# United States Fidelity & Guaranty Company

## v.

# Carlis McGlothlin

Record No. 891176

June 8, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting and
Lacy, JJ., and Harrison, Retired Justice

*Amelia L. Bland (White, Elliott & Bundy*, on briefs), for appellant.
*C. Eugene Compton* for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this insurance case, the broad question is whether the sum owed by an insurer for a personal property loss under a home-owner's policy is confined to the amount set forth in a "Special Limits of Liability" clause of the policy. Specifically, the issue is whether the article of personal property damaged is a "trailer" within the meaning of the clause.

In December 1987, appellee Carlis McGlothlin owned a 1987 Prowler "camper trailer," which was destroyed by a sudden windstorm while parked near his residence in Russell County. At the time, McGlothlin was the named insured under a homeowner's insurance policy issued by appellant United States Fidelity & Guaranty Company. The policy provided coverage for damage to a dwelling, other structures, and personal property. It also afforded coverage for loss of use, personal liability, and medical payments.

According to the policy terms, there was a general limit of liability of $7,560 for damage to personal property usually located at the insured's residence. The insured claimed he was entitled to this sum as payment under the policy.

The insurer admitted the loss was covered. It took the position in denying the claim, however, that the amount of the payment due was confined to $1,000, according to the provisions of paragraph 4 of the "Special Limits of Liability" portion of the policy applicable to personal property coverage. As pertinent, that portion provided:

"The special limit for each numbered category below is the total limit for each loss for all property in that category.

. . . .

3. $1000 on watercraft, including their trailers, furnishings, equipment and outboard motors.

4. $1,000 on trailers not used with watercraft."

In September 1988, the insured filed this breach of contract action against the insurer seeking judgment for $7,560. Following the insurer's denial of liability for any sum in excess of $1,000, both parties filed motions for summary judgment and joined in a stipulation of facts. The parties agreed that the camper trailer was not used with watercraft, was not self-propelled, and "was designed both to be towed and used standing alone." They attached to the stipulation a photograph of the damaged property and a copy of the certificate of title for the vehicle, noting that the insurer had paid the insured $1,000 on the claim.

Following a hearing, the trial court ruled in favor of the insured, granting his motion for summary judgment and denying the insurer's. The court held that the amount of the covered loss was not subject to the "Special Limits of Liability" clause, implicitly deciding that the property damaged was not a "trailer" within the meaning of that clause. The court entered judgment for the insured for $6,560 in a June 1989 order, from which we awarded the insurer this appeal.

The insurer argues that the trial court erred, and asserts that the loss is subject to the special limit of liability clause because the insured's vehicle was a "trailer" within the meaning of that clause. We agree.

According to the appellate record, including the photograph, the insured's vehicle was approximately seven feet wide and fifteen feet long. It had two axles and four tires located just behind the center of the vehicle and weighed 3,320 pounds when empty. In addition, the unit had hard, non-collapsible sides, a trailer hitch at the front, and windows on at least one side. The "body style" noted on the certificate of title was "CAMP TRL."

The policy contract does not define the term "trailer." Therefore, in construing the policy language, we will employ accepted meanings of the term, following the example of the Court in *Safeguard Insurance Co. v. Justice*, 203 Va. 972, 128 S.E.2d 286 (1962) (towed racing car not "trailer" within meaning of exclusion in automobile liability policy). As we shall demonstrate,

the vehicle in question fits precisely within the usual definitions of the term.

■ The pertinent Virginia statute dealing with motor vehicles defines "trailer" as "every vehicle without motive power designed for carrying property or passengers wholly on its own structure and for being drawn by a motor vehicle, including mobile homes." Code § 46.2-100. According to the stipulation, the insured's unit was not self-propelled; hence, it was "without motive power." Obviously, the vehicle was designed to carry property, such as personal effects associated with recreational pursuits, and was designed to be drawn by a motor vehicle.

The same statute also defines "camping trailer" as "every vehicle which has collapsible sides and contains sleeping quarters but may or may not contain bathing and cooking facilities and is designed to be drawn by a motor vehicle." *Id.* The insured's unit does not fit that definition, however, because it does not have collapsible sides.

Also, "trailer" is defined as: "A separate vehicle, not driven or propelled by its own power, but drawn by some independent power." Black's Law Dictionary 1340 (5th ed. 1979). This meaning describes the characteristics of the unit in question.

In addition, "trailer" means "a vehicle or one in a succession of vehicles hauled usually by some other vehicle: as . . . an automobile-drawn highway vehicle designed to serve wherever it is parked as a dwelling or as a place of business (as an office, laboratory, or field headquarters)." Webster's Third New International Dictionary 2424 (1981). The insured's vehicle comports with this meaning.

■ We have not overlooked the fact that the Court in *Justice* said that the word "trailer" as used in the exclusion of that policy was ambiguous and, employing familiar rules of interpretation, construed the policy against the insurer. 203 Va. at 977, 128 S.E.2d at 289. In the context of the present policy limitation, however, we do not find the use of the term to be ambiguous. But, even if we construe the language most strongly against the insurer, nonetheless, we are forced to the conclusion that this vehicle is a "trailer" because all the foregoing accepted definitions of that term apply to it without question. Therefore, the limitation on the amount of the recovery under the policy controls.

Consequently, the judgment of the trial court will be reversed and final judgment will be entered here in favor of the insurer.

*Reversed and final judgment.*